IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**LADARION HUGHES, ANGELA** §
**ALONZO, and DEMARCUS LIVELY,** §
§
*Plaintiffs*, §
§ Civil Action No. 6:23-cv-344
**v.** §
§
**SMITH COUNTY, TEXAS,** §
§
*Defendant*. §

## ~~DEFENDANT'S~~PLAINTIFFS' PROPOSED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

~~Defendant~~Plaintiffs respectfully ~~requests~~request that ~~the~~this Court enter the following Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect~~-~~.

In support of this ~~order~~Order, the Court finds that:~~-~~

1. Documents or information containing confidential ~~personal~~personally identifiable information, medical, ~~employment,~~ and other information deemed privileged ~~information of parties, non-parties, and potential class members ("Confidential Information") that bear significantly on the parties' claims~~ or ~~defenses~~confidential under federal law is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the ~~party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;~~parties or putative class members;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential nature of such Confidential Information; and

4. To protect the respective interests of the parties~~, non parties,~~ and ~~potential~~putative class members and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

1

**IT IS THEREFORE ORDERED THAT:**

1.  ~~Documents~~Confidential Information shall be designated by the producing party as "Confidential." Only the specific part or parts of a document or discovery ~~responses~~response containing such Confidential Information ~~disclosed~~shall be so designated. A document or ~~produced by any party~~discovery response may be designated confidential in ~~this litigation are referred to as "Protected Documents."~~its entirety only if all or substantially all of the document or discovery response contains Confidential Information. Except as otherwise indicated below, all ~~documents or discovery responses~~information designated by the producing party as "Confidential" and which ~~are~~is disclosed or produced to the ~~attorney's~~attorneys for the other parties to this litigation ~~are Protected Documents and are~~is entitled to confidential treatment as described below.

2. ~~Protected Documents~~Confidential Information shall not include (a) ~~documents~~information filed of record, not under seal, and open and/or accessible to the general public, (b) ~~materials~~information that on ~~their~~its face ~~show~~shows that ~~they have~~it has been published to the general public, or (c) ~~documents~~information that ~~have~~has been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of ~~Protected Documents~~Confidential Information, counsel for the party or parties receiving the ~~Protected Documents~~Confidential Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the ~~confidential~~Confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the ~~Protected Documents.~~information. Thereafter, the party or parties disclosing or producing the ~~Protected Documents~~information shall have ten (10) days from the date of certification to file a motion for protective order with regard to any ~~Protected Documents~~information in dispute. The party or parties producing the ~~Protected Documents~~information shall have the burden of establishing that the disputed ~~Protected Documents are~~information is entitled to confidential treatment. If the party or parties producing the ~~Protected Documents~~disputed information do not timely file a motion for protective order, then the ~~Protected Documents~~information in dispute shall no longer be subject to confidential treatment as provided in this Order. All ~~Protected Documents are~~disputed information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of ~~a Protected Document~~disputed information is entitled to confidential treatment.

4. Confidential ~~Treatment. Protected Documents~~Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided ~~for~~ below.

5. ~~Protected Documents and any information contained therein~~Confidential Information shall be disclosed only to the following persons ("Qualified Persons"):

   a)  ~~1.~~ The parties to this litigation;

> b) Counsel of record in this action for the party receiving ~~Protected Documents or any information contained therein~~<ins>Confidential Information</ins>;
>
> c) <ins>2.</ins> Employees <ins>and agents</ins> of such counsel ~~(excluding experts and investigators)~~ assigned to and necessary to assist such counsel in the preparation and trial of this action; and
>
> d) <ins>3.</ins> The Court.

~~Protected Documents and any information contained therein~~<ins>Confidential Information</ins> shall be used solely for the prosecution of this litigation.

~~6. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.~~

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that ~~Protected Documents or information contained therein are~~<ins>Confidential Information is</ins> used in depositions<ins>,</ins> or at hearings~~, or at trial,~~ such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony ~~and/or trial testimony~~ referring to the ~~Protected Documents or information contained therein.~~ <ins>Confidential Information.</ins>

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all ~~"confidential" information~~<ins>Confidential Information</ins> designated as such under this Order shall remain "~~confidential~~<ins>Confidential</ins>" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "~~confidential~~<ins>Confidential</ins>" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving ~~Protected Documents~~<ins>Confidential Information</ins> shall not under any circumstances sell, offer for sale, advertise, or publicize ~~Protected Documents~~<ins>Confidential Information</ins> or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

This Court retains and shall have continuing jurisdiction over the parties and recipients of the ~~Protected Documents~~Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving ~~Protected Documents~~Confidential Information shall return the ~~Protected Documents~~Confidential Information to the counsel for the party or parties disclosing or producing the ~~Protected Documents.~~Confidential Information. The party or parties receiving the ~~Protected Documents~~Confidential Information shall keep their attorney work product which refers or relates to any ~~Protected Documents~~Confidential Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose ~~Protected Documents or any information contained therein.~~Confidential Information.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

~~15. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.~~