**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LADARION HUGHES, et al. | Case No. 6:23-cv-344-JDK |
| Plaintiff | Judge Jeremy D. Kernodle |
| *v.* | |
| SMITH COUNTY, TEXAS | |
| Defendant | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order Governing Proceedings (ECF 6), the Parties met telephonically on September 20, 2023, and October 4, 2023, to discuss the contents of the Order Governing Proceedings and jointly submit this Joint Report Regarding Contents of Scheduling Order:

### 1. Brief Statement of the Claims and Defenses

Plaintiffs' Position

Plaintiffs allege that Defendant Smith County (the "County") has an unlawful policy and practice of detaining people at the County Jail after the legal basis for their detention has ended. Specifically, the County detains people for unreasonably long periods of time after the expiration of their felony sentences because, among other reasons, it does not prioritize people who are entitled to imminent or immediate release and relies on a disjointed, paper-based system of sharing information amongst the County entities that must send records to the Texas Department of Criminal Justice ("TDCJ") in order to finalize release.

1

As a result of the County's unlawful policy and practice, the named Plaintiffs were detained for eight to thirty-three days after the expiration of their sentences: Plaintiff Ladarion Hughes was detained for twenty-seven days after the expiration of his sentence; Plaintiff Angela Alonzo was overdetained for thirty-three days; and Plaintiff Demarcus Lively was overdetained for eight days. The County's failure to institute policies that ensure that people in its Jail are released within a reasonable time after the expiration of their sentences violates the Due Process Clause. *Hicks v. LeBlanc*, No. 22-30184 (5th Cir. Sept. 5, 2023) ("Clear as day, the government cannot hold an inmate without the legal authority to do so, for that would deprive a person of his liberty without due process of law." (internal marks and alterations omitted)). Class treatment is appropriate to provide relief to all who have been similarly harmed by the County in this way. Fed. R. Civ. P. 23.

<u>Defendant's Position</u>

Defendant Smith County incorporates its Answer and Affirmative Defenses [#5] herein by reference pursuant to Federal Rule of Civil Procedure 10(c). Smith County is not liable for punitive damages as a matter of law. Plaintiffs failed to mitigate their damages. Smith County is entitled to sovereign immunity from the allegations in Plaintiffs' Complaint in accordance with the standards of *Monell* and its progeny. *See*, *e.g.*, *Monell v. Dep't of Soc. Servs. of the City of N. York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Smith County is entitled to immunity under the Eleventh Amendment of the United States Constitution. Smith County cannot be liable because Plaintiffs were not injured as the result of any policy, custom, or practice of Smith County, Texas. Plaintiffs assumed the risk of their injuries, if any. Plaintiffs' own actions were the sole cause of their injuries, if any. Plaintiffs waived any and all claims against Defendant. Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' claims are barred by the applicable statute of limitations. Smith County is not liable to Plaintiffs because they have failed

to plead or prove any set of facts that would satisfy the "policy, custom, or practice" requirements contained in *Monell* and its progeny.  Plaintiffs have not been injured as a result of a policy, custom, or practice of Smith County, Texas.  Any claims for punitive damages are subject to the applicable provisions of the United States and Texas Constitutions, including, but not limited to, those provisions that pertain to due process, equal protection, taking of private property, and excessive fines and punishments.  Smith County denies violating any of Plaintiffs' constitutional rights or otherwise injuring Plaintiffs.  Smith County denies that it had actual knowledge of any alleged serious risk of harm to Plaintiffs or of any alleged constitutional violations.  Smith County denies being deliberately indifferent to any alleged serious risk of harm to Plaintiffs or to any of their alleged constitutional rights.  Smith County would show that all of its alleged acts or omissions were made in good faith and were objectively reasonable, and it denies that any of its alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.  Smith County would show that liability under § 1983 cannot be premised on *respondeat superior*, and Defendant denies that it is vicariously liable.  Smith County denies that any official policy or custom of its final policymaker was the moving force behind any alleged violation of Plaintiffs' constitutional rights. Smith County would show that Plaintiffs' allegations are insufficient to show the existence of a policy, custom, or practice.  Plaintiffs' injuries, if any, were caused by Plaintiffs or by third parties over whom Smith County had no control.  Plaintiffs' injuries, if any, were caused by new and independent causes not reasonably known or foreseen by Smith County.  Plaintiffs' alleged damages, if any, are too speculative to form the basis of recovery.  Smith County invokes all statutory and common law damage caps with respect to Plaintiffs' alleged damages.  Plaintiffs' claims are barred by the principle set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364,

129 L. Ed. 2d 383 (1994).  Smith County denies that Plaintiffs are entitled to relief as a class or that a class can be certified with respect to Plaintiffs' claims.

### 2.   Jurisdiction and Basis for Suit

This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343. The Parties agree that this Court has jurisdiction over Plaintiffs' federal claims. To the extent that Plaintiffs attempt to make any claims based in state law, Smith County denies that this or any Court has jurisdiction of such claims.

### 3.   Related Cases and Consolidation

The Parties are not aware of any pending cases that share an identity of parties, subject matter, or are otherwise related.

### 4.   Expert Reports

<u>Plaintiffs' Position</u>

Plaintiffs anticipate the use of one or two expert witnesses and will submit disclosures and reports consistent with Rule 26 and this Court's scheduling order.

<u>Defendant's Position</u>

Smith County expects to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.

### 5.   Discovery Plan

**<u>Discovery Subjects</u>**

Plaintiffs anticipate that they will need to conduct discovery on the following:

- Plaintiffs' detention and release from the County Jail, including, but not limited to, when Plaintiffs' sentences expired and they became entitled to release, how and when this information was communicated to the necessary County entities, and steps Defendant took to effectuate Plaintiffs' releases from the Jail.

- Defendant's policies and practices concerning effectuating release of in-custody persons from the Jail after the expiration of their sentences.

- Defendant's communications concerning effectuating release of detainees from the Jail after the expiration of their sentences.

- The identities of putative class members and the length, nature, and reasons for their overdetentions.

- Defendant's awareness and knowledge of Plaintiffs' and putative class members' overdetentions.

- Defendant's awareness and knowledge of overdetentions prior to Plaintiffs' and putative class members' overdetentions.

- Actions Defendant took (or did not take) to address Plaintiffs' and putative class members' overdetentions.

Plaintiffs reserve the right to conduct discovery into matters not specifically identified herein, to the extent permitted by Rule 26(b).

Defendant anticipates that it will need to conduct discovery on the following:

- Plaintiffs' backgrounds, criminal histories, involvement in the criminal justice system, and incarcerations.

- Any criminal court proceedings relating to Plaintiffs.

- The systems and operations of the Texas Department of Criminal Justice – Institutional Division with respect to communication with Counties relating to current and future incarcerations.

Smith County reserves the right to conduct discovery into matters not specifically identified herein to the extent permitted by the Federal Rules of Civil Procedure, the Court's Local Rules, and common law.

## Recommended Deadlines

Plaintiffs respectfully request that this Court enter the following discovery deadlines:[1]

---

[1] Plaintiffs' proposed scheduling order is attached as **Exhibit 1**.

| Deadline to Amend Pleadings | January 24, 2024 |
| Fact discovery cut-off | June 24, 2024 |
| Expert Report(s) for Party Bearing Burden of Proof | July 24, 2024 |
| Responsive Expert Report(s) Due | August 24, 2024 |
| Expert Discovery Deadline | September 24, 2024 |
| Class Certification Motion | October 24, 2024 |

Defendant respectfully request that this Court enter the following discovery deadlines:[2]

| Deadline to Amend Pleadings | October 31, 2023 |
| Discovery Deadline as to Facts and Rule 23 Factors | June 24, 2024 |
| Expert Report(s) for Party Bearing Burden of Proof | July 24, 2024 |
| Responsive Expert Report(s) Due | August 24, 2024 |
| Expert Discovery Deadline | September 24, 2024 |
| Class certification motion | October 24, 2024 |
| Dispositive Motions | 45 days after the Court rules on the motion to certify class, if no party appeals the Court's decision as to class certification |

## **Discovery Phases or Limitations**

## Plaintiffs' Position

Plaintiffs do not believe that discovery should be phased, limited, or focused upon particular issues, and propose that discovery proceed in a single phase because the scope of merits and class discovery are coextensive and inseparable, making bifurcation inappropriate. *Piney Woods ER III, LLC v. Blue Cross & Blue Shield of Texas*, No. 5:20-CV-00041-RWS, 2020 WL 13042506, at *3 (E.D. Tex. Oct. 2, 2020) ("Bifurcation of discovery into discrete pre-and post-

---

[2] Defendant's proposed scheduling order is attached as **Exhibit 2**.

certification stages is inappropriate . . . [where] [t]he merits of the substantive issues . . . and factors relating to class certification significantly overlap.").

The list of relevant discovery topics, *see supra* ¶ 5, makes clear that class and merits issues are inextricably intertwined, as each topic bears on both issues (except for Plaintiffs' background and criminal histories, which are irrelevant). The topics fall under four general categories: (1) whether and how long Plaintiffs were detained after the expiration of their sentences; (2) whether and how long putative class members were detained after the expiration of their sentences; (3) the nature and cause of Plaintiffs' and putative class members' overdetentions, namely whether the overdetentions were caused by Defendant's policies and practices; and (4) Defendant's awareness that it was overdetaining people in its custody.

Each category of discovery is probative of whether Defendant violated Plaintiffs' due process rights, namely whether Plaintiffs' overdetentions were caused by Defendant's policies, practices, or customs and whether Defendant acted with deliberate indifference to Plaintiffs' constitutional rights. For example, discovery as to the existence and cause of overdetentions occurring under similar circumstances (categories 2 and 3) bear on whether Defendant had a pattern of overdetaining people in its custody such as to constitute a policy, as well as whether Defendant was aware of incidents of similar harm such that its failure to take corrective action constitutes deliberate indifference. *See Grant v. Gusman*, No. CV 17-2797, 2018 WL 3869494, at *10-*11 (E.D. La. Aug. 14, 2018) (holding that *Monell* liability can be established by showing a pattern of overdetentions); *Crittindon v. LeBlanc,* 37 F.4th 177, 186 (5th Cir. 2022)*, cert. denied,* No. 22-1171, 2023 WL 6377920 (U.S. Oct. 2, 2023) (deliberate indifference "typically requires showing notice of "[a] pattern of similar constitutional violations"). The four discovery categories also bear on the Rule 23 factors, namely that the class is so numerous that joinder is impracticable

and that Plaintiffs' and putative class members' injuries stem from a common core of salient facts such that class-wide resolution is appropriate.

Defendant contends that the first phase of discovery should be limited to Plaintiffs' individual claims and the Rule 23 factors. But it does not, and cannot, propose a "specific and detailed precertification discovery plan," "identify[ing] the depositions and other discovery contemplated, as well as the subject matter to be covered and the reason it is material to determining the certification inquiry under Rule 23." Ann. Manual Complex Lit. § 21.14 (4th ed.) Defendant's vague bifurcated discovery proposal therefore "fails to promote judicial economy," as it will require "ongoing supervision of discovery to resolve disputes over what is 'merits' versus 'class' discovery." *Piney Woods ER III, LLC v. Blue Cross & Blue Shield of Texas*, No. 5:20-CV-00041-RWS, 2020 WL 13042506, at *2 (E.D. Tex. Oct. 2, 2020) (citation omitted).

Since *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), "courts [have been] reluctant to bifurcate class-related discovery from discovery on the merits, since "the class certification analysis will frequently overlap with the merits of the plaintiff's underlying claim." *Id.* at *1 (citations and marks omitted). This is especially true in *Monell* cases like this one where individual liability and the class certification analysis will largely turn on the existence of a municipal policy. Bifurcating class and merits discovery in such cases is unworkable. Discovery should proceed in a single phase.

**Defendant's Position**

Smith County believes that judicial economy and the preservation of the Parties' resources would be benefitted by conducting discovery in phases.  Specifically, Smith County respectfully requests that the Court designate a specific time for the Parties to conduct discovery as to class certification.

Plaintiffs Complaint proposes a potential sprawling class of persons who were arrested and detained in the Smith County Jail.  The primary disagreement between the Parties regarding case management revolves around whether, as Plaintiffs suggest, the Parties complete discovery on all claims – including those of the named Plaintiffs and those of yet-unidentified potential class members – before the Court determines whether the litigation should proceed on a class basis. Smith County believes that it will valuable judicial and public resources for the initial discovery period to be limited to fact discovery on Plaintiffs' individual claims and Rule 23 class certification factors pertinent to Plaintiffs' forthcoming motion for class certification.

Conducting discovery in phases is well-established in proposed class actions because it complies with the proportionality requirement in Federal Rule of Civil Procedure 26(1) and prevents costly discovery into ultimately irrelevant issues.  Indeed, bifurcation of discovery between class certification and merits is an accepted practice in this District and is favorably recognized by the Fifth Circuit.  *See St. Gregory Cathedral Sch. v. LG Elecs., Inc.*, No. 6:12cv739, 2013 WL 12214144, at *2 (E.D. Tex. Nov. 25, 2013) ("Bifurcated discovery still allows a district court to expedite the certification process and prevents the parties from engaging in merits discovery that is not relevant to the certification process."); *Stewart v. Winter*, 669 F.3d 328, 331 (5th Cir. 1982); *Sharp v. Mexican Partners, LP v. Rep. Waste Servs. of Tex. Ltd.*, No. 3:17cv1605, 2019 WL 5887343, at *9 (N.D. Tex. July 23, 2019), *report and recommendation adopted*, 2019 WL 381208 (N.D. Tex. Aug. 14, 2019); *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16cv482, 2018 WL 4278503, at *1 (E.D. Tex. April 5, 2018).

Therefore, Smith County respectfully requests that the Court bifurcate discovery.  Smith County suggests that in the first phase of discovery, the Parties may conduct discovery as to the individual Plaintiffs' claims and whether the Rule 23 factors weigh in favor of class certification.

Smith County suggests that the second phase of discovery be conducted only if the Court grants Plaintiffs' motion for class certification and be centered upon the claims of the class members.

One of the County's primary purposes in suggesting this method is to conserve scarce and valuable public resources.  If the Court permits Plaintiffs to conduct discovery as to the entire class, the County's staff from the Sheriff's Office, District Clerk's Office, District Attorney's Office, and IT professionals will be required to spend hundreds of hours reviewing each individual's jail file from the two years preceding litigation, determining whether the individual could potentially be a class member, and copying and/or saving the jail file.  This method would require a tremendous investment of scarce public resources that may prove to have been wasted if Plaintiffs are unable to meet their burden of proving the elements listed in Rule 23.

### 6.  Document Production

The Parties believe that document production should proceed in accordance with the Federal Rules of Civil procedure and the Court's Local Rules by mandatory disclosure.

### 7.  Changes to Limitations on Discovery

<u>Plaintiffs' Position</u>

Plaintiffs anticipate that they will need to conduct more than 10 depositions, as allowed by Federal Rule of Civil Procedure 30, but will wait until the need arises to make an application to this Court. Plaintiffs will confer with Defendant before making any such application.

<u>Defendant's Position</u>

Defendants believe that, at this time, discovery should proceed in accordance with the Federal Rules of Civil procedure and the Court's Local Rules.

### 8.  ESI

Plaintiffs' Position

Plaintiffs anticipate that discoverable information will be found in Defendant's electronic systems, including electronic court document and jail management systems, and District Attorney's Office drives, emails, and computer files. In order to facilitate electronic discovery, Defendant should, as soon as feasible, identify (1) all relevant electronic systems; (2) the individuals most knowledgeable regarding the electronic systems; (3) a list of custodians who likely possess relevant information; and (4) steps taken to ensure that electronic discovery is properly retained.

Defendant has completed a preliminary assessment of the relevant electronic systems and provided Plaintiffs with relevant information about those systems.

- Odyssey (electronic jail management system): Defendant believes that Odyssey has been the only jail management system used during the relevant period. Plaintiffs believe that the most efficient way to retrieve relevant information from Odyssey is to generate aggregate reports with the relevant information, including but not limited to the identities of all persons incarcerated at the jail during the relevant period and convicted of a felony, their sentence, when sentencing information was communicated to the relevant parties, and when the person was released from the jail. Defendant will determine whether generating such a report is feasible and provide Plaintiffs with a list of all relevant data maintained in Odyssey.

- Odyssey (electronic court document management system): Defendant believes that Odyssey has been the only court document management system used during the relevant period. Plaintiffs believe that the procedures described above for the Odyssey jail management system will largely apply to the Odyssey court document management system as well.

- Email: Defendant informed Plaintiffs that emails are maintained for four years, and additional preservation protocols were adopted to ensure that emails were not deleted after this lawsuit was filed. Defendant has the ability to conduct Boolean searches for emails and will use that methodology to search for emails relevant to Plaintiffs' discovery requests. After receiving a request for document production, but before the deadline to produce documents, the Parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched. The Parties shall also reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery.

- Computer and Network files: Defendant informed Plaintiffs that these files are also preserved for four years, and preservation protocols have been adopted to ensure that no files are deleted. The Boolean search methodology described above will also be used to identify relevant files.

Defendant's Position

Smith County proposes that disclosure or discovery of ESI be through provision of PDF documents and that documents and video recordings be disclosed by Dropbox or a similar method of electronic sharing.  Smith County opposes the system by which Plaintiffs suggest such searches be conducted.  However, Smith County is agreeable to working with Plaintiffs toward a mutually agreeable system by which its systems may be searched for discoverable information.

### 9.  Protection of Privileged Matter

Plaintiffs' Position

Plaintiffs do not believe that a protective order is necessary at this time. The only privileged or confidential information that Plaintiffs contemplate will be produced in this case is personally identifiable information of Plaintiffs and putative class members. Federal Rule of Civil Procedure 5.2 adequately protects this information.

If this Court decides that a protective order is necessary at this time, Plaintiffs respectfully ask this Court to enter their proposed order, which is attached as **Exhibit 3**.

Defendant's Position

Smith County respectfully requests that the Court enter its standard protective order in this matter. (*See* **Ex. 4.)** This is particularly important because Smith County anticipates (but does not stipulate to the discoverability of) Plaintiffs' requests for documentation relating to potential class

members who are not parties at this time. Smith County anticipates that a large amount of this discovery will potentially contain information that is privileged and/or confidential by law.[3]

**10. Trial Date**

Due to the potentially significant amount of discovery in this case, the Parties respectfully request that a trial date be scheduled after this Court rules on class certification and dispositive motions and any associated appeals have been fully adjudicated.

**11. Rule 26(a)(1) Disclosures**

The Parties agree that initial disclosures shall be made on or before November 7, 2024.

**12. Mediation or Arbitration**

The Parties believe that mediation may be beneficial after discovery is complete.

**13. Status Report on Settlement Negotiations**

The Parties have discussed settlement and do not anticipate reaching settlement prior to the completion of discovery.

**14. Discovery Proposal**

<u>Plaintiffs' Position</u>

Plaintiffs propose, and respectfully request, that this Court hold a discovery status conference on or around **January 16, 2024**, to discuss any early discovery issues that may arise,

---

[3] A blacked lined version of the two proposed orders is attached as **Exhibit 5**.

specifically those related to electronic discovery. The Parties shall submit a joint report five days before the conference or inform this Court that the conference is no longer necessary.

Defendant's Position

While Smith County does not disagree to periodic status conferences, it does not believe that such a conference should be scheduled prior to an issue arising between the Parties that would require the Court's intervention.

### 15. Rule 16 Pretrial Conference

Plaintiffs' Position

Plaintiffs believe that the Rule 16 Pretrial Conference, currently scheduled to take place on October 24, 2023, should be kept on the calendar and will be beneficial for all parties.

Defendant's Position

Smith County defers to the Court with respect to the retention of the conference on its docket.

### 16. Other Matters

The Parties do not believe that further orders pursuant to Rules 16(b) and (c) and 26(c) should be issued at this time, but reserve the right to seek orders pursuant to those provisions at a later time.

Date: October 6, 2023                          Respectfully Submitted,

_____/s/_____

David Iglesias                                 Texas Fair Defense Project
Lead Counsel                                   Nathan Fennell
State Bar No. 24051733                          Camilla Hsu
david@iglesiaslawfirm.com                      314 E. Highland Mall Blvd #204
                                               Austin, TX 78752

Jim A. Evans III
State Bar No. 24057717
State Bar No. 24053191
jim@iglesiaslawfirm.com

Stephanie Ernst
State Bar No. 24057717
stephanie@iglesiaslawfirm.com

**IGLESIAS LAW FIRM, PLLC**
605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: (903) 944-7185
Facsimile: (903) 630-5338

*Counsel for Defendant, Smith County, Texas*

nfennell@fairdefense.org
chsu@fairdefense.org
512-637-5220

/s/
_____
Akeeb Dami Animashaun
355 S. Grand Ave, Suite 2450
Los Angeles, CA 90071
dami@animashaun.me
929-266-3971

*Counsel for Plaintiffs & Proposed Class*