## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| LADARION HUGHES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-344-JDK |
| | § | |
| SMITH COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER DENYING BIFURCATED DISCOVERY

In this case, three named Plaintiffs allege that Defendant Smith County has an unlawful policy and practice of detaining inmates at the Smith County Jail after they should legally be released. Plaintiffs intend to seek class-action certification for this case under Federal Rule of Civil Procedure 23.

Before the Court is the parties' joint report and proposed schedule for this case. Docket No. 9. In their report, the parties disagree about whether discovery should be conducted in pre- and post-class certification phases. Defendant advocates for bifurcating discovery with an initial discovery period limited to discovery as to class-certification issues. Docket No. 9 at 8–10. Plaintiffs argue that discovery should proceed in a single phase because discovery on the merits and class discovery overlap. *Id.* at 6–8.

Following *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), courts are reluctant to bifurcate class-related discovery from discovery on the merits. *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012) (collecting

1

cases).  One reason for this is that the class-certification analysis will frequently "overlap with the merits of the plaintiff's underlying claim" because class determination "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Dukes*, 564 U.S. at 351 (internal citations omitted); *see also* Ann. Manual Complex Lit. § 21.14 (4th ed.) ("A preliminary inquiry into the merits may be required to decide whether the claims and defenses can be presented and resolved on a class-wide basis.").

There is such overlap here.  Plaintiffs' complaint alleges that inmates are improperly detained based on Smith County's "policies, practices, and customs." *See* Docket No. 1 ¶¶ 13, 46.  Discovery into potential class members will almost certainly overlap with discovery into Smith County's policies, practices, and customs concerning delayed release, including the number of inmates released late, when those releases occurred, and the procedures involved in those releases.

In support of its position, Defendant cites examples of cases where a district court bifurcated discovery, including *St. Gregory Cathedral School v. LG Electronics., Inc.*, 2013 WL 12214144, at *2 (E.D. Tex. Nov. 25, 2013) and *Sharp Mexican Partners, LP v. Republic Waste Services of Texas. Ltd.*, 2019 WL 5887343, at *9 (N.D. Tex. July 23, 2019).  Docket No. 9 at 9.  But Defendant fails to note that the parties in each of those cases agreed to bifurcate discovery.  *St. Gregory*, No. 6:12-cv-739, Docket No. 52 (reflecting parties' agreement to phased discovery plan)*; Sharp*, No. 3:17-cv-1605,

Docket Nos. 43, 45, 47 (same).[1]  That is not the case here, where Plaintiffs object to bifurcating discovery.

Based on the overlap between class-certification discovery and merits discovery, bifurcated discovery is not appropriate in this case.  Accordingly, the Court **DENIES** Defendant's request for bifurcation of discovery into phases.

Given the needs of the case and the information contained in the Joint Report, the Court hereby **CANCELS** the Rule 16 Pretrial Conference set for October 24, 2023.  In light of this order, the parties are **ORDERED** to meet and confer and file a revised proposed schedule by October 27, 2023.

So **ORDERED** and **SIGNED** this **20th** day of **October, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[1] In another case cited by Defendant, *Whittington v. Mobiloil Federal Credit Union*, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018), it is not clear why discovery was bifurcated, as the parties apparently agreed not to bifurcate.  No. 1:16-CV-482, Docket No. 21 (noting that the parties "do not believe discovery should be conducted in phases, or limited to or focused upon limited issues").