# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **LADARION HUGHES ET AL** | § § | |
| **v.** | § § § | **CASE NO. 6:23-CV-00344-JDK** |
| **SMITH COUNTY, TEXAS** | § § § § | |

## MEDIATION CONFERENCE ORDER

This case has been referred for a mediation conference before United States Magistrate Judge K. Nicole Mitchell. Mediation has been set for **Wednesday, February 7, 2024 at 9:30 a.m.** at the U.S. District Court, 211 W. Ferguson, Room 301, Tyler, Texas. Counsel are advised this is an in person mediation.

## SETTLEMENT CONFERENCE PREPARATION

**A. FORMAT**.

    **1. MEDIATION MEMO.** Not later than seven (7) days prior to the conference each side shall provide a brief confidential report to chambers outlining the facts of the case and, if desired, their respective legal position, as well as an outline of the settlement negotiations to date.

    **2. ATTENDANCE OF PARTIES REQUIRED. Parties with ultimate settlement authority must be personally present.** An insured party shall appear by a representative of the insurer who is authorized to negotiate, discuss, and settle the case. An uninsured corporate party shall appear by a representative authorized to negotiate, discuss and settle the case. Having a client with authority available by telephone is ***not*** an acceptable alternative, except under the most extenuating circumstances. Because the Court generally sets aside at least two hours for each

conference, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.

    3.   **MEDIATION FORMAT.** The Court will generally start with a joint discussion with presentation, if desired, by each side. The Court will then privately caucus with each side as needed to resolve the dispute. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

    4.   **STATEMENTS INADMISSIBLE.** Statements made by any party during the mediation conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect. Everything said to the Court will be confidential and not revealed to the other side unless the Court receives authorization to do so.

**B.   ISSUES TO BE DISCUSSED AT MEDIATION CONFERENCE**

Parties should be prepared to discuss the following at the mediation conference:

1. What are your objectives in this litigation?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain

sufficient information to make a meaningful settlement discussion possible?

      9.     Are there outstanding liens? Do we need to include a representative of the lienholder?

**C.**     **INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have participated in a court supervised mediation conference. Therefore, counsel shall provide a copy of this Standing Order to the client and shall discuss the points contained herein with the client prior to the mediation conference.

So ORDERED and SIGNED this 27th day of November, 2023.

*[Signature: K. Nicole Mitchell]*

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE