## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| LADARION HUGHES, ANGELA ALONZO, AND DEMARCUS LIVELY, individually and as representatives of a class of similarly situated individuals, Plaintiffs, | ) ) ) ) ) ) | Case No. 6-23-cv-344-JDK |
| v. | ) | **SETTLEMENT AGREEMENT** |
| SMITH COUNTY, TEXAS, Defendant. | ) ) ) | |

Ladarion Hughes, Angela Alonzo, and Demarcus Lively ("Named Plaintiffs"), on behalf of the Settlement Class Members (collectively, the "Plaintiffs"), and Defendant Smith County (the "County") (the Plaintiffs and the County together, the "Parties"), by and through their respective counsel, agree and stipulate as follows:

### 1.0    DEFINITIONS

1.1    "Action" means the above-captioned matter, Case No. 6:23-cv-344-JDK, pending in the United States District Court for the Eastern District of Texas.

1.2    "Claim Form" means the form which Class Members must submit to qualify for payment from the Settlement Fund.

1.3    "Claims Period" means the period during which a Class Member may submit a Claim Form. The Claims Period begins when the Court enters its Final Approval Order and ends at midnight, 180 calendar days later. Valid

1

claims submitted before the Claims Period shall be deemed timely and will be processed during the Claims Period after entry of the Final Approval Order. No payment shall be made to Class Members until the Court enters the Final Approval Order. Either Party may extend the Claims Period for a period not to exceed 270 calendar days after entry of the Final Approval Order with written notice to the other Party and to the Court providing a basis for such extension. The Parties may, by written agreement of the Parties, further extend the Claims Period.

 1.4 "Class Counsel" means Akeeb Dami Animashaun; Camilla Hsu & Nathan Fennell (Deason Criminal Justice Reform Center); and Margaret Gould & Jon Loevy (Loevy & Loevy).

 1.5 "Class Notice" means the written notice to the Eligible Settlement Class Members. The Class Notice shall include the general terms of the Settlement Agreement, the date by which any objections or opt-out notices must be mailed to the Settlement Administrator in this Court, and the date of the Final Approval Hearing. The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due process, and any other applicable law. The Class Notice shall be in the manner and form approved by this Court.

 1.6 "Compensable Detention days" means each day of detention after the second day following the completion of a custodial felony sentence. For example, if a member of the Settlement Class was detained for 20 days after the completion of their sentence, that member would have 18 compensable detention days $(20 - 2 = 18)$.

 1.7 "County Released Parties" means the County, its Commissioners Court, and all County agents, employees, departments, elected officials, the Texas Association of Counties Risk Management Pool, and any reinsurers.

1.8    "Custodial felony sentence" means a sentence of incarceration for a felony under Texas law, whether that sentence is to the Texas Department of Criminal Justice's Institutional Division or State Jail Division, and does not include a sentence: (a) that is fully suspended subject to performance of deferred adjudication or community supervision or (b) for which the defendant was not detained or was immediately released upon sentencing.

1.9    "Eligible Settlement Class" is defined as "All persons detained at the Smith County Jail between July 11, 2021, and December 31, 2024, who were (1) convicted of a felony offense, (2) completed their custodial felony sentence at the Smith County Jail, and (3) were not released within two days of the completion of their custodial felony sentence."

1.9.1    The "Settlement Class" consists of all persons who meet the criteria in paragraph 1.9 above, excluding those who elect to opt out of, or exclude themselves from, the Settlement Class by the Opt-Out Deadline.

1.9.2    "Settlement Class Members" or "Class Members" means all persons in the Settlement Class.

1.10    "Final Approval Hearing" means the hearing at which this Court determines whether the terms of the Settlement Agreement are fair, reasonable, and adequate, and whether to approve them.

1.11    "Final Approval Order" means the order of this Court entering final approval of the Settlement Agreement as fair, reasonable, and adequate.

1.12    "Jail" means the Smith County Jail and all facilities used by the Smith County Sheriff's Office to detain people.

1.13    "Named Plaintiffs" means Ladarion Hughes, Angela Alonzo, and Demarcus Lively.

1.14    "Notice Date" means the date upon which the Settlement

3

Administrator mails the Class Notice to Eligible Settlement Class Members.

1.15  "Objection Date" means the deadline for any Eligible Settlement Class Member to file and serve written objections to the Settlement. The Objection Date is 60 calendar days after the Notice Date.

1.16  "Opt-Out Deadline" means the deadline for any Eligible Settlement Class Member to file and serve a written request for exclusion from the Settlement. The Opt-Out Deadline is 60 calendar days after the Notice Date.

1.17  "Plaintiffs" refers collectively to both the Named Plaintiffs and Settlement Class Members.

1.18  "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

1.19  "Preliminary Approval Order" means the order of this Court preliminarily approving this Settlement Agreement, approving the Class Notice, and certifying a provisional Settlement Class.

1.20  "Settlement" or "Settlement Agreement" means the agreement by the Parties to resolve the Action. The "Settlement" or "Settlement Agreement" memorializes the terms of that agreement.

1.21  "Settlement Administrator" means the qualified party selected by the Plaintiffs to administer the Settlement Agreement. The Preliminary Approval Order shall identify the Settlement Administrator to administer the Settlement Fund.

1.22  "Settlement Fund" means the qualified settlement account where the Settlement Sum shall be placed at a federally insured financial institution.

1.23  "Settlement Sum" means $1,500,000.00. The Settlement Sum includes all payments to Settlement Class Members, the costs of settlement notice and administration, attorneys' fees and costs, and Named Plaintiffs'

incentive awards.

## 2.0    RECITALS

WHEREAS, Named Plaintiffs, on behalf of themselves and others similarly situated, filed the above-captioned class action lawsuit against the County on July 11, 2023, alleging that the County violated the Fourteenth Amendment to the United States Constitution by failing to release them and others within a reasonable time after they had completed their felony sentences;

WHEREAS, the County denies any and all wrongdoing or liability of any kind for any conduct alleged in this Action;

WHEREAS, the Parties and their counsel have conducted a thorough examination and investigation of the facts and law relating to the Action;

WHEREAS, with the assistance of the assigned federal Magistrate Judge, the Honorable K. Nicole Mitchell, the Parties have concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of protracted litigation and to resolve, finally and completely, all pending and potential claims that were asserted, or that could have been asserted, in this Action;

WHEREAS, on October 1, 2024, and December 6, 2024, the Parties attended formal settlement conferences with Magistrate Judge Mitchell and engaged in further settlement conferrals by phone conferences with Magistrate Judge Mitchell;

WHEREAS, on April 5, 2025, after extensive arms-length negotiations, the Parties reached this Settlement Agreement;

WHEREAS, Named Plaintiffs and Class Counsel believe that this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class;

NOW, THEREFORE, the Parties, in consideration of the mutual agreements contained in this Settlement Agreement, the sufficiency and receipt of which are hereby acknowledged, and in further consideration of Plaintiffs' reliance upon the

5

good faith representations and submissions made to it by the County, the Parties, intending to be legally bound, agree to the terms and conditions below.

**3.0    SETTLEMENT TERMS**

3.1    **Preliminary Certification of the Settlement Class**

3.1.1  The Parties stipulate, for settlement purposes only, to the certification of the Settlement Class (while the County continues to deny liability in this matter).

3.1.2  Named Plaintiffs Ladarion Hughes, Angela Alonzo, and Demarcus Lively are the class representatives for the Settlement Class.

3.1.3  The Settlement Class excludes the following: All persons who meet the criteria of the Settlement Class, but have timely elected to opt out of or exclude themselves from the Settlement Class by the Opt-Out Deadline.

3.1.4  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement (and while continuing to deny liability), the County stipulates that this Court may enter an Order preliminarily certifying the Settlement Class, appointing Named Plaintiffs as representatives of the Settlement Class, and appointing as Class Counsel for the Settlement Class:

> Meg Gould
> Jon Loevy
> Loevy & Loevy
> 311 N. Aberdeen
> Chicago, Illinois 60607
> gould@loevy.com
> (312) 243-5900
>
> Nathan Fennell
> Camilla Hsu
> Deason Criminal Justice Reform Center
> SMU Dedman School of Law
> P.O. Box 750116
> Dallas, TX 75275
> nfennell@smu.edu
> camillah@smu.edu

6

(214) 768-6973

Akeeb Dami Animashaun
355 S. Grand Ave, Suite 2450
Los Angeles, CA 90071
dami@animashaun.me
(929) 266-3971

3.1.5  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate that American Legal Claim Services, LLC shall be Claims Administrator.

3.1.6  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement (and while continuing to deny liability), the County stipulates that the Settlement Class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

3.2  **Settlement Fund and Distribution**

3.2.1  The County shall be responsible for funding the Settlement Fund in the amount of $1,500,000.00. The Settlement Fund will pay for the following: (i) the notice and administration costs actually incurred by the Settlement Administrator, as described in Paragraph 3.2.3, including 3.2.3.1; (ii) the incentive award to Named Plaintiffs, as described in Paragraph 3.2.3, including 3.2.3.2; (iii) all Attorneys' Fees and Costs, as described in Paragraph 3.2.3, including 3.2.3.3; and (iv) all valid claims of Settlement Class Members, as described in Paragraphs 3.2.4 and 3.2.5, including 3.2.5.1 and 3.2.5.2.

3.2.2  Settlement Fund. Within 14 calendar days of executing this Agreement the County shall place the Settlement Sum in an escrow account and provide notice to Class Counsel. Within 5 calendar days of the Preliminary Approval Date, Class Counsel will establish the

7

Settlement Fund pursuant to the Preliminary Approval Order. Within 14 calendar days of the Preliminary Approval Date, the County will deliver the Settlement Sum from the escrow account to Class Counsel for deposit into the Settlement Fund, which shall be maintained and administered by the Settlement Administrator. The County may issue Form 1099 paperwork or other reporting paperwork for this payment, and Class Counsel will provide any reporting paperwork to the County necessary for funding.

3.2.3 Settlement Administration Costs, Named Plaintiffs' Incentive Awards, and Attorneys' Fees. $500,000.00 of the Settlement Fund will be allocated to settlement administration costs, Named Plaintiff's incentive award, and attorneys' fees and litigation costs.

3.2.3.1 Notice and Settlement Costs. All costs associated with the Class Notice and administering the Settlement and the Settlement Fund, not to exceed $50,000.00, including all costs and fees incurred by the Settlement Administrator, shall be paid out of the Settlement Fund. Should the costs and fees exceed $50,0000.00, the Parties will petition the Court for approval for the excess costs and fees to be paid out of the Settlement Fund. Any third party engaged to assist with settlement administration will be paid out of the Settlement Fund, on an as-accrued basis, following the Preliminary Approval Date, provided the Settlement Administrator provides an accounting of such costs and fees to the Parties on an as-accrued basis.

3.2.3.2 Named Plaintiffs' Incentive Awards. Class Counsel will petition the Court for approval of an incentive award for Named Plaintiffs in the amount not to exceed $10,000.00 per

8

Named Plaintiff, or $30,000.00 in total. The County will not oppose the request for this incentive award. Named Plaintiffs may make additional claims on the Settlement Fund, consistent with the claims allowed to other Settlement Class Members and detailed in Paragraphs 3.2.5.

3.2.3.3 Attorneys' Fees, Costs, and Expenses. The remainder of the $500,000.00 will be allocated to Class Counsel as reimbursement for any and all attorneys' fees, costs, and expenses incurred on behalf of any Class Member and shall be subject to the Court's approval. The County will not oppose Class Counsel's request for attorneys' fees, costs, and expenses from the remainder of the $500,000.00. There shall be no other allocation for attorneys' fees, costs, and expenses.

3.2.3.4 Any amount of the $500,000.00 not approved by the Court for attorneys' fees, costs, Notice and Settlement Costs, and Named Plaintiffs' incentive award, will be added to the Settlement Fund.

3.2.4 Claims Process and Payment to Settlement Class Members. $1,000,000.00 of the Settlement Fund will be allocated to pay Settlement Class Members. Payments to Settlement Class Members, who submit timely and valid Claim Forms, shall be calculated as follows.

3.2.5 Payment to Settlement Class Members. Settlement Class Members shall receive payment equal to their share of the total number of Compensable Detention days. Accordingly, $1,000,000.00 (or the amount that the Court allocates to Settlement Class Members) shall first be divided by the total days of Compensable Detention for all Settlement Class Members to arrive at a daily Compensable Detention

rate. Each Settlement Class Member will be paid the product of the daily Compensable Detention rate multiplied by the Settlement Class Member's Compensable Detention days.

3.2.6 *Redistribution of Remaining Funds*. If the funds allocated to pay Settlement Class Members are not exhausted by the end of the Claims Period, the remaining funds will be designated as Residual Funds. The Settlement Administrator will distribute the Residual Funds on a *pro rata* basis to all Settlement Class Members based on their Compensable Detention days.

## 4.0    NOTICE PROCESS

4.1    The County shall designate a County official or agent who is responsible for providing Class Counsel and the Settlement Administrator with a complete list – to the best of the County's ability – of Eligible Settlement Class Members within 14 days of execution of this Settlement Agreement. The County designee shall use all resources available to the County to compile this list and shall provide a declaration detailing, with reasonable specificity, the steps that they took to verify the data on the list. Class Counsel shall have 7 days to review the list of Eligible Settlement Class Members, and to request any clarification from the County designee. The County shall have an additional 7 days to make any changes before Class Counsel sends the list to the Settlement Administrator.

4.2    For each Eligible Settlement Class Member, the list shall include their name, date of birth, address last known to the County, phone number last known to the County, cause number for all holds during the relevant custody session, and information sufficient to determine the number of Compensable Detention days. The list of Eligible Settlement Class Members and the accompanying data shall be used solely for purposes of this Action and shall not

10

be made publicly available.

4.3    Within 45 calendar days of receiving the Preliminary Approval Order, the Settlement Administrator shall provide Class Notice to each Eligible Settlement Class Member. The Class Notice shall be translated into Spanish for distribution. The County shall provide notice as required by the Class Action Fairness Act (28 U.S.C. §§ 1711-1715) to appropriate officials.

4.4    Class Members shall have 60 calendar days after the Notice Date to mail their respective objection to or opt-out of the Settlement with the Settlement Administrator, following the procedure set forth in the Class Notice.

## 5.0    PROCEDURE FOR IMPLEMENTATION OF SETTLEMENT AGREEMENT

### 5.1    Preliminary Approval

5.1.1  Plaintiffs shall file a motion for Preliminary Approval of this Settlement Agreement and request that this Court enter a Preliminary Approval Order.

### 5.2    Final Approval

5.2.1  Within 90 calendar days after the Court issues its Preliminary Approval Order, the Parties will jointly request that this Court hold a Final Approval Hearing. The Parties shall jointly request that, at the Final Approval Hearing, this Court approve the Settlement, issue the Final Approval Order, and enter the Final Judgment.

### 5.3    Cure

5.3.1  In the event that the Court fails to issue either the Preliminary or Final Approval Order or the Final Judgment, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court within 14 business

11

days or as otherwise ordered by the Court.

**6.0    GENERAL RELEASE**

6.1    **Release**

6.1.1   Upon the Effective Date, Named Plaintiffs, for themselves and on behalf of the Settlement Class Members, shall be deemed to have fully, finally, and forever waived any and all claims that Plaintiffs had, have, or may have against any of the County Released Parties arising from the over- detention alleged in this Action.

6.1.2   Plaintiffs acknowledge and agree that this Settlement Agreement shall inure to the benefit of each of the County Released Parties and shall be binding upon Plaintiffs' successors and assigns.

6.1.3   Upon the Effective Date, the County, for itself and each of its respective agents, departments, and elected officials, shall be deemed to have fully, finally, and forever waived any and all claims that the County had, has, or may have against Plaintiffs, arising from the events alleged in this Action.

6.1.4   The County acknowledges and agrees that this Settlement Agreement shall inure to the benefit of each of the Plaintiffs and shall be binding upon the County's successors and assigns.

6.2    **No Admissions; General Release of No Evidentiary Effect**

6.2.1   Plaintiffs acknowledge and agree that this Settlement Agreement is given and accepted as part of a compromise and settlement of disputed claims. Plaintiffs further acknowledge and agree that the acceptance of this Settlement Agreement by any of the County Released Parties shall not be construed or deemed to be an admission of any fact, matter, or thing, including but not limited to liability in this or any other litigation. Neither this Settlement Agreement nor any of its terms shall be offered or received as evidence in any proceeding in any forum as an

12

admission of any liability or wrongdoing on the part of any of the County Released Parties.

**7.0    MISCELLANEOUS PROVISIONS**

7.1    This Settlement Agreement is subject to the approval of this Court as provided in Federal Rule of Civil Procedure 23(e).

7.2    The Parties (a) acknowledge that it is their intent to consummate the settlement set forth in this Settlement Agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish and effectuate the terms and conditions of the Settlement Agreement. If any portion or provision of this Settlement Agreement is found to be illegal, invalid, unenforceable, nonbinding, or otherwise without legal force or effect, the remaining portion(s) will remain in force and be fully binding.

7.3    This Settlement Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized herein and in such documents.

7.4    The Parties agree that the terms of this Settlement Agreement are contractual, and not merely recital, and constitute a fully binding and complete agreement between Plaintiffs and the County with regard to its subject matter. This Settlement Agreement supersedes any and all prior agreements of or between the Parties. This Settlement Agreement may not be amended, except by a written instrument executed by or on behalf of an authorized representative of Class Counsel for the Plaintiffs and an authorized representative of the County. Named Plaintiffs expressly authorize Class

13

Counsel, on behalf of the Settlement Class, to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms and also expressly authorize Class Counsel to enter into any amendments to the Settlement Agreement on behalf of the Settlement Class.

7.5    Each person executing this Settlement Agreement or any of its exhibits on behalf of any Party hereto hereby warrants that they have the full authority to do so. Named Plaintiffs hereby acknowledge that they have been represented by Class Counsel of their choice throughout the negotiation, preparation, and execution of this Settlement Agreement. Named Plaintiffs acknowledge and agree that they have executed this Settlement Agreement voluntarily, without coercion or duress of any kind, and on the advice of their counsel.

7.6    This Settlement Agreement was drafted with substantial review and input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein. Hence, in any construction to be made of this Settlement Agreement, its provisions shall not be construed for or against either party based on which party drafted them. The Parties agree that this Settlement Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

7.7    This Settlement Agreement shall be deemed to have been entered into in Smith County, Texas, and all questions of validity, interpretation, or performance of any of its terms or of any rights or obligations of the Parties to this Settlement Agreement shall be governed by Texas law. The Parties agree that the United States District Court for the Eastern District of Texas shall retain jurisdiction over this matter to enforce this Settlement Agreement.

14

7.8    This Settlement Agreement may be executed in counterparts, each of which will be deemed to be an original, and all of which taken together shall constitute a single instrument. This Settlement Agreement may be executed by an original signature, signature by facsimile, or electronic signature, all of which shall be deemed to be the same as an original signature.

7.9    The Parties hereto agree to perform such acts and to execute such documents as are necessary to carry out the provisions and purposes of this Settlement Agreement.

NOW, THEREFORE, the foregoing terms are hereby STIPULATED AND AGREED, by and between the Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Dated: Jul 15, 2025 _____

LADARION HUGHES (Jul 15, 2025 04:53 CDT)

**LADARION HUGHES**

Plaintiff

Dated: Jul 14, 2025 _____

Angela Alonzo (Jul 14, 2025 18:38 CDT)

**ANGELA ALONZO**

Plaintiff

Dated: Jul 10, 2025 _____

Demarcus Lively (Jul 10, 2025 15:41 CDT)

**DEMARCUS LIVELY**

Plaintiff

Dated: Jul 10, 2025 _____

Dami Animashaun (Jul 10, 2025 16:46 EDT)

**AKEEB DAMI ANIMASHAUN
NATHAN FENNELL
MARGARET GOULD
JON LOEVY
CAMILLA HSU**

Attorneys for Plaintiffs

Dated: 7/8/2025 _____

Name: _____

For Defendant Smith County

Dated: 7/8/2025 _____

**DAVID IGLESIAS**

Attorney for Defendant

15