## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| LADARION HUGHES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-344-JDK |
| | § | |
| SMITH COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' unopposed motion for preliminary approval of a proposed class action settlement. Docket No. 64. Plaintiffs filed this action alleging that Defendant Smith County, Texas, violated their Fourteenth Amendment rights for failing to timely release them from imprisonment. After consenting to mediation, the parties engaged in several negotiations and two formal settlement conferences with Magistrate Judge K. Nicole Mitchell. Docket No. 64 at 4. On April 5, 2025, the parties reached a global settlement. *Id.* Plaintiffs now ask the Court to preliminarily approve the settlement and conditionally certify a settlement class.

As explained below, the Court **GRANTS** the motion.

## I.    BACKGROUND

This is a civil rights case. Named Plaintiffs Ladarion Hughes, Angela Alonzo, and Demarcus Lively filed this class action lawsuit against Smith County on July 11, 2023, alleging that the County violated the Fourteenth Amendment by failing to release them and similarly situated individuals ("Class Members") within a reasonable period of time after they had completed their felony criminal sentences.

1

Docket No. 1 at 20. Though the Plaintiffs were allegedly over-detained for different periods of time, all similarly claim that they were wrongfully incarcerated due to the County's "unlawful policies and practices." *Id.* at 12–16.

After Plaintiffs filed their motion for preliminary approval of the proposed class action settlement, the parties filed a notice of settlement. Docket No. 65. The parties stipulate to the certification of the class as follows: "All individuals who were detained at the Smith County Jail between July 11, 2021, and December 31, 2024, and who (1) were convicted of a felony offense; (2) completed their custodial felony sentence at the Smith County Jail; and (3) were not released within two days following the completion of their custodial felony sentence." Docket. No. 64 at 7. In exchange for $1,500,000, the Named Plaintiffs and proposed Class Members have agreed to "fully and finally acquit, relinquish, and discharge" all claims that relate to or arise out of the allegations set forth in the complaint. *Id.* at 6. A total of $1,000,000 will be distributed to Class Members in proportion to the number of compensable detention days. *Id.* The remainder of the fund will be allocated to pay attorneys' fees, costs, and expenses; class administration costs; and a service award to the Named Plaintiffs. *Id.*

Plaintiffs' motion for preliminary approval of the proposed class action settlement asks the Court to (1) grant preliminary approval of the proposed $1,500,000 non-reversionary settlement; (2) conditionally certify the Settlement Class; (3) appoint Akeeb Dami Animashaun; Camilla Hsu and Nathan Fennell (Deason Criminal Justice Reform Center); and Margaret Gould and Jon Loevy (Loevy

& Loevy) as Class Counsel; (4) appoint American Legal Claims Services, Inc. to serve as the Settlement Administrator; (5) direct notice to be disseminated to Class Members in the form and manner proposed by the parties; and (6) set the deadlines for class notice, exclusion and objection deadlines, and a hearing date and schedule for final approval of the settlement and consideration of Class Counsel's fee application, as set forth in a proposed, agreed-upon schedule.   Docket No. 64. Defendant does not oppose the motion. *See* Docket No. 64-1 at 6.

## II.   ANALYSIS

Federal Rule of Civil Procedure 23(e) governs class settlements.   Under Rule 23(e), a class action "may be settled, voluntarily dismissed, or compromised only with the court's approval."   To approve a class settlement, the Court must first determine whether a class should be preliminarily certified for settlement purposes. *Kostka v. Dickey's Barbecue Restaurants, Inc.,* No. 3:20-CV-03424-K, 2022 WL 16821685, at *2 (N.D. Tex. Oct. 14, 2022), *report and recommendation adopted*, No. 3:20-CV-03424-K, 2022 WL 16821665 (N.D. Tex. Nov. 8, 2022) (citing *Bridges v. Ridge Nat. Res., LLC*, 2020 WL 7495252, at *2 (W.D. Tex. Jan. 3, 2020)).   In making this determination, the Court must consider the four prerequisites of Rule 23(a) and additional requirements under Rule 23(b). *Id.*

If the Court preliminarily certifies the class, it must then make a preliminary fairness evaluation of the proposed terms of settlement submitted by counsel. *McNamara v. Bre-X Mins. Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002).   If the Court determines that the settlement is fair, the Court will direct that notice of a formal

fairness hearing pursuant to Rule 23(e) be given to the class members, at which hearing arguments and evidence may be presented in support of and in opposition to the settlement. *Id.*

## A. Article III Standing

Before considering whether to certify a proposed class, the Court must first consider whether the proposed class representatives have Article III standing. *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020); *Kostka*, 2022 WL 16821685, *3. To establish standing, the Named Plaintiffs must demonstrate that they have suffered an injury in fact that is fairly traceable to Defendant's conduct and that the injury will likely be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Here, the Named Plaintiffs allege that they were injured by being wrongfully detained after completing their criminal sentences as a result of Smith County's "unlawful practices and policies." Docket No. 1. at 12–16. They further allege that a damage award will redress their claimed injury. Docket No. 1 at ¶¶ 106–113. The Court finds that these allegations satisfy the requirements of Article III standing. *See Humphrey v. LeBlanc*, No. CV 20-233-JWD-SDJ, 2025 WL 2694604, at *37 (M.D. La. Sept. 22, 2025).

While the Supreme Court has not yet settled the standard for evaluating standing prior to class certification, the Fifth Circuit has recognized that "it is sufficient for standing purposes that [] plaintiffs seek recovery for an economic harm that they *allege* they have suffered because for each class member the court must assume *arguendo* the merits of his or her legal claim at the Rule 23 stage." *In re*

*Deepwater Horizon*, 739 F.3d 790, 804 (5th Cir. 2014) (internal quotations omitted) (emphasis in original).  When absent class members are "linked" under Rule 23 to the common complaint, "the possibility that some may fail to prevail on their individual claims will not defeat class membership." *Id.*  Here, as noted above, the proposed Settlement Class consists of "all individuals who were detained at the Smith County Jail between July 11, 2021, and December 31, 2024, and who (1) were convicted of a felony offense; (2) completed their custodial felony sentence at the Smith County Jail; and (3) were not released within two days following the completion of their custodial felony sentence." Docket No. 64 at 9.  Although the Court is not required to address Article III standing of putative class members at this stage, the Court notes that the Named Plaintiffs have properly made this allegation for all potential Class Members.

### B. Settlement Class

Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a).

The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—"effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (quoting *General Telephone Co. of Southwest v. Falcon,* 457 U.S.

147, 156 (1982)).   All four requirements must be satisfied for the Court to preliminarily certify the class. *McNamara,* 214 F.R.D. at 428.   Additionally, the class must satisfy Rule 23(b)(3)'s predominance and superiority elements. *Kostka*, 2022 WL 16821685, at *6; FED. R. CIV. P. 23(b)(3).

Here, the proposed Settlement Class satisfies the requirements of Rule 23(a) and (b)(3).

### 1. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).   While no specific numerical threshold is required, a class of 100 to 150 members is "within the range that generally satisfied the numerosity requirement." *General Tel. Co. v. E.E.O.C.,* 446 U.S. 318, 330 (1980); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999).   Here, the proposed Settlement Class consists of 104 members (Docket No. 64 at 10), which satisfies the threshold requirement for numerosity.

### 2. Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).   Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." *Dukes*, 564 U.S. at 350.   The test for commonality is not demanding and is met "where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Mullen,* 186 F.3d 620 at 625 (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)).   Commonality "can be satisfied by an instance of the

defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse." *In re Deepwater Horizon*, 739 F.3d 790, 810–11 (5th Cir. 2014).

Here, the commonality prong is satisfied because at least one issue "will be common to all potential class members." *Kostka*, 2022 WL 16821685, *7. Specifically, the central issue in this case is whether Defendant Smith County maintained adequate policies and practices to ensure that individuals who were convicted of felony offenses and received custodial felony sentences were released within a reasonable time after they were entitled to release. While the proposed Class Members were allegedly unlawfully detained for different periods of time, the injuries stem from this common issue. As such, Plaintiffs have sufficiently demonstrated that the proposed class satisfies the commonality requirement. *See In re Deepwater Horizon*, 739 F.3d at 810–11.

### 3. Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties" to be "typical of" the claims of the class. FED. R. CIV. P. 23(a)(3). The typicality requirement is satisfied when the claims or defenses of the class representatives "[arise] from a similar course of conduct and share the same legal theory." *Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002). Factual differences will not defeat typicality. *Id.* The test for typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to

represent." *Mullen,* 186 F.3d 620 at 625.  As with commonality, the typicality standard "is not demanding." *Kostka,* 2022 WL 16821685, at *7 (citing cases).

Here, typicality is satisfied.  The Named Plaintiffs' claims all stem from a similar course of conduct—the County's alleged failure to implement policies and practices ensuring that "the pen packet" is timely completed after an individual is sentenced to a felony custodial sentence.  Docket No. 1 at 3–16.  The Named Plaintiffs also allege the same injury.  They claim they were detained for two or more days after they were entitled to release from custody.  The fact that various proposed Class Members may have been detained for different lengths of time does not defeat typicality.  *See Thompson v. Jackson*, No. 1:16-CV-04217, 2018 WL 5993867, at *3 (N.D. Ga. Nov. 15, 2018) (certifying class of "[a]ll persons . . . who were detained for more than 24 hours past the time at which employees of the Fulton County Jail knew or should have known that the inmate was to be released, and whose over-detentions were caused by the jail policy not to release inmates without running GCIC checks . . . .").

### 4. Adequacy

Rule 23(a)(4) requires the "representative parties" to "fairly and adequately" protect the interests of the class.  FED. R. CIV. P. 23(a)(4).  The adequacy requirement assesses "the willingness and ability of the representatives to take an active role and control the litigation and to protect the interests of absentees."  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482 (5th Cir. 2001).  "[I]t must appear that the representative[s] will vigorously prosecute the interests of the class through qualified

counsel." *Id.*  To satisfy the adequacy of representation requirement, a plaintiff must establish that: (1) there is no antagonism or conflict of interest between the class representatives and other members of the class; and (2) counsel and the class representatives are competent, willing, and able to protect the interests of absent class members. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005).

The Named Plaintiffs have demonstrated themselves to be well-suited to adequately represent the proposed Settlement Class.  Nothing in the record suggests that any potential conflict exists among the Named Plaintiffs, Class Counsel, or the proposed Settlement Class Members.  Further, proposed Class Counsel have provided substantial evidence demonstrating that they are adequately able to serve as class counsel and protect the interests of absent Class Members, including securing a favorable settlement for the Class.  The Court thus finds that Plaintiffs have satisfied the adequacy requirement.

### 5. Rule 23(b) requirements

In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must satisfy one of the requirements under Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  A class should be certified when "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016). "In order to 'predominate,' common issues must constitute a significant part of the individual cases." *Id.* (quoting *Mullen*, 186 F.3d at 626). The superiority requirement is met "when individual suits would be wasteful, duplicative, present managerial difficulty, and would be adverse to judicial economy." *Kostka*, 2022 WL 16821685, at *8.

This case meets both the predominance and superiority requirements. The common key issue identified above—whether plaintiffs were injured by Defendant's alleged failure to promulgate adequate policies and practices to ensure individuals were timely released after the completion of their felony sentences—predominates over individualized questions. Additionally, a class action is the superior way to litigate the proposed class's claims. The Named Plaintiffs represent that the Class Members "have no interest in individually controlling the prosecution of their claims." Docket No. 64 at 13. There is nothing in the record to call this statement into question. Further, given that a settlement agreement has already been reached, the resolution of this case is preferable to multiple separate proceedings. Accordingly, the Court finds that the proposed Settlement Class meets Rule 23(b)(3)'s predominance and superiority requirements.

## C. Fairness Determination

Having determined that the proposed Settlement Class is preliminarily certifiable, the Court next determines whether the settlement meets preliminary

fairness requirements.  If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not grant preferential treatment of a class representative or segments of the class, does not grant excessive compensation to the attorneys and appears to fall within the range of approval, the Court should grant preliminary approval.  *McNamara*, 214 F.R.D. at 430 (quoting Manual for Complex Litigation, 3d, at 237). As explained below, the Court finds that the settlement proposal meets the preliminary fairness factors.

The Settlement Fund in this case, which totals $1,500,000, will pay for (1) the notice and administration costs incurred by the Settlement Administrator; (2) the incentive award to Named Plaintiffs; (3) all attorneys' fees and costs; and (4) valid claims of Settlement Class Members.  Docket No. 64-1.  "Courts may approve service awards to named plaintiffs if the awards are fair and reasonable."  *Roberts v. Baptist Healthcare Sys., LLC*, No. 1:20-CV-00092-MAC, 2023 WL 5163374, at *7 (E.D. Tex. June 29, 2023) (quoting *Herbert v. LTC Delivery LLC*, No. 3:19-CV-01856-X, 2022 WL 1608639, at *3 (N.D. Tex. May 20, 2022)).  When determining whether a service award is warranted to the representative plaintiffs, courts consider: "(1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation."  *Id.*   Courts also consider the percentage of the service award compared to the common fund or look to awards given in similar litigation.  *Id.*

Here, the settlement's incentive award to Named Plaintiffs does not amount to improper preferential treatment.  The Named Plaintiffs assert that they have devoted substantial time and effort to the litigation, including "providing detailed accounts of their experiences and injuries, and gathering and submitting documentation that was instrumental in shaping counsel's legal theory."  Docket No. 64 at 16.  The settlement awards of $5,000 for each Named Plaintiff, moreover, total only one percent of the common fund.  *Id.*  The Court finds this service award reasonable.  *See Jasso v. HC Carriers, LLC.*, No. 5:20-CV-212, 2022 WL 16927813, at *6 (S.D. Tex. Oct. 19, 2022) (approved service award of $2,500 in case settled for $248,515.20); *Guadalupe v. Am. Campus Communities Services, Inc.*, No. 1:16-CV-967-RP, 2020 WL 12029307, at *2 (W.D. Tex. Oct. 23, 2020) (approving service award of $12,000 for named plaintiff, which represented 0.83% of the settlement amount of $1.5 million).

Courts assess the reasonableness of attorneys' fees "to protect class members from unfair settlements, to minimize conflicts of interest between class members and their representatives, and to prevent perpetuating a public perception that attorneys exploit class members for hefty fees."  *McNamara*, 214 F.R.D. at 431.  This requires an independent review of the reasonableness of fees sought in a class settlement. One method for analyzing an appropriate award for fees is the percentage method, under which the Court awards fees based on a percentage of the common fund.  *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642-43 (5th Cir. 2012). The Fifth Circuit is "amenable to [the percentage method's] use, so long as the *Johnson* framework is utilized to ensure that the fee award is reasonable."  *Sec. &*

*Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-00298-N, 2018 WL 1558266, at *1 (N.D. Tex. Mar. 26, 2018).  The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 717–19 (5th Cir. 1974).

The Court finds that the attorneys' fees assessed in the proposed settlement, which total twenty-nine percent of the settlement amount, do not exceed a reasonable proportion of the total settlement.  *See McNamara,* 214 F.R.D. at 431 (finding that fees totaling approximately twenty-five percent of the settlement amount were not unreasonable); *see also Burford v. Cargill, Inc.*, CIV.A. 05–0283, 2012 WL 5472118 (W.D. La. Nov. 8, 2012) (approving fees of thirty-three percent of the settlement).  A review of the *Johnson* factors also demonstrates that the proposed fee is reasonable and should be approved.  Counsel have billed more than 800 hours on this matter, over a period of three years, and have incurred $11,260 in costs.  Docket No. 64 at 17.  Additionally, the issues raised in this class action are both novel to this district and legally complex.  *Id.* at 18.  Counsel state that in realizing the lawsuit required "substantial time and resources," they were unable to take on certain other cases "given the substantial amount of work to be done on this action."  *Id.*  Moreover,

"counsel dedicated over a year to written discovery, which entailed the production and thorough analysis of thousands of documents and voluminous datasets." *Id.* The proposed fee in this case is also customary. "Indeed, courts throughout this Circuit regularly award fees of 25% and more often 30% or more of the total recovery under the percentage-of-the recovery method." *Sec. & Exch. Comm'n*, 2018 WL 1558266, at *2. Additionally, counsel have secured a favorable settlement (*see* Docket No. 65) despite the uncertainty of compensation and recovery. Accordingly, the Court finds that Class Counsel's requested fee is reasonable under both the percentage method and the *Johnson* factors.

Lastly, when evaluating whether a settlement agreement falls within the range of possible recovery, "the settlement terms should be compared with the likely rewards the class would have received following a successful trial of the case." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). When resolving class action suits, "there is an overriding public interest in favor of settlement," partly because "[i]t is common knowledge that class action suits have a well-deserved reputation as being most complex." *Id.* at 1331. Given this presumption, and the terms of the settlement agreement, the Court finds that this recovery (of 104 class members sharing $1,000,000) is within the range of possible outcomes at trial.

### D. Notice to Class Members

Under Rule 23(e)(1), before preliminarily approving a class settlement, "the Court must direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). The notice must "clearly and

concisely" state (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(e).  FED. R. CIV. P. 23(c)(2)(B).

Here, the proposed notice that will be provided to the Class Members satisfies the requirements of Rule 23.  The plain language of the notice apprises all Class Members of the nature of the action, definition of the class, the class claims and the defenses, the Class Members' right to be heard, the Class Members' right to exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment.  *See* Docket No. 64-3.  The notice also describes the amount of settlement, the attorneys' fees sought, and how the fund will be distributed.  *Id.*

Courts must also ensure that class members will receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified by reasonable effort." FED. R. CIV. P. 23(c)(2)(B).  And here, the settlement agreement states that Defendant will provide Class Counsel and the Settlement Administrator with a complete list of eligible members within fourteen days of execution of the settlement agreement.  Docket No. 64-3 at 10.  Thereafter, the Settlement Administrator will send a notice and claim form to each Class Member by U.S. mail, and if available, by email.  Docket No. 64 at 21.  Any notices that are

returned to the Settlement Administrator as undelivered will be remailed. *Id.* The method of distribution thus satisfies the requirements under Rule 23.

## III.    CONCLUSION

Having concluded that the Settlement Class meets the Rule 23 requirements as a preliminary matter, that the settlement meets the preliminary fairness requirements, and that the notice is the best practicable under the circumstances, the Court hereby:

**ORDERS** that Plaintiffs' motion for preliminary approval of settlement is **GRANTED**.

### IT IS FURTHER ORDERED AS FOLLOWS:

1.    The Court preliminarily approves the settlement agreement, subject to further consideration by the Court at the time of the Final Approval Hearing. The Court preliminarily finds that the parties have shown that the Court will likely be able to grant final approval of the settlement agreement as fair, reasonable, and adequate.

2.    The following attorneys are hereby appointed Class Counsel for the Settlement Class:

> Meg Gould
> Jon Loevy
> Loevy & Loevy
> 311 N. Aberdeen
> Chicago, Illinois 60607
> gould@loevy.com
> jon@loevy.com
> (312) 243-5900
>
> Nathan Fennell

Camilla Hsu
Deason Criminal Justice Reform Center
SMU Dedman School of Law
P.O. Box 750116
Dallas, TX 75275
nfennell@smu.edu
camillah@smu.edu
(214) 768-6973

Akeeb Dami Animashaun
355 S. Grand Ave, Suite 2450
Los Angeles, CA 90071
dami@animashaun.me
(929) 266-3971

3.     Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the settlement, and such other acts reasonably necessary to consummate the settlement.

4.     For purposes of the Court's preliminary approval of the settlement only, the Court accepts the parties' stipulated class definitions and certifies the Settlement Class, as defined: All individuals who were detained at the Smith County Jail between July 11, 2021, and December 31, 2024, and who (1) were convicted of a felony offense; (2) completed their custodial felony sentence at the Smith County Jail; and (3) were not released within two days following the completion of their custodial felony sentence.

5.     In making this finding, the Court finds that Named Plaintiffs and Class Counsel have adequately represented the Settlement Class; the settlement agreement was negotiated at arm's length and was not the product of collusion; and the relief provided for the Settlement Class is fair, adequate, reasonable, and

within the range of possible approval, subject to further and final consideration at the Final Approval Hearing.

6.    The Court will retain discretion to appoint a United States Magistrate Judge to handle disputes relating to the interpretation, implementation, and enforcement of the settlement agreement.  The Court may also itself resolve any such disputes.

7.    The form of notice and notice process attached and set forth in Exhibit 3 to the Preliminary Approval Motion is approved.

8.    Class Counsel shall use reasonable means, including but not limited to, regular U.S. mail, email, telephone calls, and in-person outreach at residential and other addresses related to Class Members, to contact any Class Members.

9.    The Court approves and appoints American Legal Claim Services LLC as the Settlement Administrator for this action, and to thereby perform and execute all such responsibilities as set forth in the settlement agreement.

10.    The cost of preparing, publishing, and serving the class notice, as well as the other expenses related to the publication and distribution of the class notice to the Settlement Class shall be paid out of the Settlement Fund. Such costs shall not exceed $50,000.

11.    No later than 30 calendar days from the date of this Preliminary Approval Order, the Settlement Administrator shall cause to be disseminated the class notice, substantially in the form attached as Exhibit 3 to the Preliminary Motion, in the manner set forth in section 4 of the settlement agreement.  At or

before the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the required notice dissemination.

12.    Class Members may opt out of the settlement by submitting a written request within 45 calendar days of the notice date.  Opt-out requests shall follow the procedure set forth in the class notice.  Any Class Member who does not properly and timely opt out from the settlement shall be included in the Class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the settlement agreement, including but not limited to, the release of claims described therein, whether or not such person shall have objected to the settlement and whether or not such person participates in the Settlement Fund or the other benefits to the Class to be provided under the settlement agreement.

13.    Class Members may object to the settlement agreement by submitting a written objection to this Court within 45 calendar days of the notice date. Objections will be filed in the public record.  If a Class Member wishes to appear at the Final Approval Hearing to object to the settlement, he or she should indicate such intent in the written objection.

14.    Class Members submitting a claim form must postmark or deliver the claim form following the procedure set forth in the class notice no later than midnight 270 calendar days after the Final Approval Order.  This date may be extended by either party for a period not to exceed 365 calendar days after entry

of the Final Approval Order.  This date may be further extended by written agreement of the parties.

15.    A Final Approval Hearing shall be held on **February 5, 2026, at 10:00 a.m.** at the William M. Steger Federal Building and United States Courthouse, 221 West Ferguson Street, Tyler, Texas 75702 to consider:

a. The fairness, reasonableness, and adequacy of the settlement agreement;

b. Whether a Final Approval Order shall be entered; and

c. Any other matters that properly may be brought before the Court in connection with the settlement.

16.    The date and time of the Final Approval Hearing shall be set forth in the class notice, but shall be subject to continuance by the Court without further notice to the Class Members other than that which may be posted at the Court.

So **ORDERED** and **SIGNED** this **17th** day of **November, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE