**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LADARION HUGHES, et al. | Case No. 6:23-cv-344-JDK |
| Plaintiffs | Judge Jeremy D. Kernodle |
| v. | |
| SMITH COUNTY, TEXAS | |
| Defendant | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement ("Final Approval Motion"), the exhibits thereto, and the record in this case, finds good cause to enter the following Order.

**IT IS ORDERED AS FOLLOWS:**

**<u>Final Approval of Settlement</u>**

1. This Order incorporates by reference the Settlement Agreement and all definitions therein. (ECF 64-1.)

2. The Court grants final approval of the Settlement as fair, reasonable, and adequate, under Federal Rule of Civil Procedure 23(e)(2) and due process requirements.

3. The Court finds that Named Plaintiffs Ladarion Hughes, Angela Alonzo, and Demarcus Lively have adequately represented the Settlement Class; the Settlement was negotiated at arm's length; the relief provided for the Settlement

1

Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Class Member claims, (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Named Plaintiffs, and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3); and the Settlement treats Class Members equitably relative to one another.

4.      Pursuant to the Court's Preliminary Approval Order, for purposes of this Settlement only, the Settlement Class is defined as follows: All individuals who were detained at the Smith County Jail between July 11, 2021, and December 31, 2024, and who (1) were convicted of a felony offense; (2) completed their custodial felony sentence at the Smith County Jail; and (3) were not released within two days following the completion of their custodial felony sentence.

**Notice**

5.      The Court finds that the Class Notice and notice process (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to and/or opt-out of the proposed settlement and to appear at the Final Approval Hearing, and their right to obtain monetary and other relief; (iv) were reasonable and constituted due, adequate, and sufficient notice to all

2

persons entitled to receive notice; and (v) met all applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.

**Settlement Administration**

6. Pursuant to the Preliminary Approval Order, American Legal Claim Services, LLC is the Settlement Administrator. The Settlement Administrator shall distribute and account for payments from the Settlement Fund as set forth in the Settlement Agreement. All costs associated with the Class Notice and administering the Settlement and the Settlement Fund, including all costs and fees incurred by the Settlement Administrator, Class Counsel, and any third party engaged to assist with the settlement administration, will not exceed $50,000.00.

7. The Settlement Administrator shall file a final report of claims and settlement payments within 60 calendar days after the conclusion of all distributions from the Settlement Fund.

**Service Award**

8. The Court approves Class Counsel's petition for a Service Award to each Named Plaintiff in the amount of $5,000.00.

**Attorneys' Fees and Expenses**

9. The Court approves Class Counsel's petition for attorneys' fees and expenses in the amount of $435,000.00, plus the difference between the amount Class Counsel requested as Service Awards ($15,000.00) or to be used for settlement administration ($50,000.00) and the amount ultimately ordered by this Court.

**Requests to Opt-Out**

10.    Any persons who submitted timely and proper requests to opt-out of the Settlement are excluded from the Settlement Class and are not bound by the terms of the Settlement Agreement or this Judgment.

**Judgment and Retention of Jurisdiction**

11.    The Final Judgment is hereby entered in this Action. The Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the distribution or allocation of the Settlement Fund; (iii) any request regarding residual funds; and (iv) the Class Members for matters relating to this Action.

12.    The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be binding on, and have res judicata and preclusive effect on, the Defendant, Named Plaintiffs, and all Class Members (regardless of whether they received a distribution from the Settlement Fund), as well as their respective agents, employees, independent contractors, representatives, spouses, children, heirs, administrators, executors, trustors, trustees, beneficiaries, predecessors-in-interest, successors-in-interest, assigns, and attorneys.

13.    The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement. Named Plaintiffs and the Settlement Class Members have conclusively compromised, settled, discharged, dismissed, and released all released claims against the Defendant and the other Released Parties freely and voluntarily and upon the advice of Class Counsel.

4

**Appeal**

14.    Only Class Members who submitted timely and proper objections may appeal this Final Approval Order and Judgment. Any Class Member who wishes to appeal the Final Approval Order and Judgment must post a bond with the Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

**Injunction**

15.    All Class Members are forever enjoined and barred from (i) filing, commencing, prosecuting, intervening, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action; and (ii) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action. All Class Members are hereby deemed to have forever released any and all matters, claims, and causes of action as provided for in the Settlement Agreement.

**Other Provisions**

16.     The parties shall, pursuant to the terms and conditions of the Settlement Agreement, take all necessary and appropriate steps to execute the terms and conditions of the Settlement Agreement and this Final Approval Order and Judgment.

**IT IS SO ORDERED**